# THE LATE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS *v.* UNITED STATES.

## ROMNEY *v.* UNITED STATES.

APPEALS FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Nos. 695, 715.   Decided May 19, 1890. — Reported 136 U. S. 1. — Decree entered May 25, 1891.

The court now orders a decree entered in this case, for which purpose it was reserved at the last term.   See *Mormon Church* v. *United States*, 136 U. S. 1, 66.

### DECREE.

THE decree entered in this case on the 19th day of May, 1890, having been set aside by an order of the court made on the 23d day of May, 1890, it is now upon further consideration ordered, adjudged and decreed, that the decree of the Supreme Court of the Territory of Utah be affirmed with the following modification, that is to say: that the seventh clause of said decree be changed and modified so as to read as follows:

[7th. And the court does further adjudge and decree that the late corporation of the Church of Jesus Christ of Latter-Day Saints having become by law dissolved as aforesaid, there did not exist at its dissolution, and do not now exist, any trusts or purposes within the objects and purposes for which said personal property was· originally acquired, as hereinbefore set out, whether said acquisition was by purchase or donation, to· or for which said personalty or any part thereof could be·

Decree.

used, or to which it could be dedicated, that were and are not, in whole or in part, opposed to public policy, good morals and contrary to the laws of the United States; and furthermore, that there do not exist any natural persons or any body, association or corporation who are legally entitled to any portion of said personalty as successors in interest to said Church of Jesus Christ of Latter-Day Saints, and the said personal property has devolved to the United States; and not being lawfully applicable to the purposes for which it was originally dedicated or acquired, and to which, at the commencement of this suit, it was being devoted by the said corporation and its controlling authorities, the same ought to be limited and appointed to such charitable uses, lawful in their character, as may most nearly correspond to those to which it was originally destined, to be ascertained and defined (unless in the meantime Congress should otherwise order) by reference to a master for due examination, inquiry and report thereon, subject to the approval of the court; and to be established, administered and carried out in such manner and according to such scheme as may be suggested and reported by said master and approved by the court. It is further ordered and decreed that until the ascertainment and determination of such uses and the adoption of such scheme, and until direction be taken for the ultimate funding or investment of the said personal property for the purposes aforesaid, the receiver appointed in this cause do continue in the custody and charge thereof, with all accumulations, subject to the further order of the court, and (conjointly with the rents and income of the real estate) to the payment of the costs and expenses of this proceeding and of the receivership aforesaid. The reference herein provided for to be made by a separate order.]

Whereupon it is considered, adjudged and decreed that the cause be remanded to the Supreme Court of the Territory of Utah, with directions to modify its decree as herein directed, and to take such further proceedings as to law and justice may appertain in conformity with the opinion of this court delivered on this appeal at the last term of the court.

Per MR. JUSTICE BRADLEY.

May 25, 1891.